# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:19-CV-153

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| APPROXIMATELY $3,864.00 IN U.S. | ) |
| CURRENCY SEIZED FROM | ) |
| LEOPOLD ROB FINLEY, | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America hereby files this Complaint and alleges upon information and belief, and in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF ACTION

1. This is a civil action *in rem* for forfeiture of approximately $3,864.00 in United States Currency (the "Defendant Currency") seized from Leopold Rob Finley on December 19, 2018, within the Western District of North Carolina.

1

## ADMINISTRATIVE FORFEITURE

2. The Drug Enforcement Administration ("DEA") initiated an administrative forfeiture action against the Defendant Currency. Taquita Lacelle Wadsworth filed a claim for the Defendant Currency. The United States now files this Complaint in response to that claim.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant Currency and venue is proper pursuant to:

    a. 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina; and

    b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Western District of North Carolina pursuant to 28 U.S.C. § 1395.

5. The Defendant Currency has been seized, is now within, and during the pendency of this action will remain within the Western District of North Carolina.

## THE DEFENDANT *IN REM*

6. The Defendant Currency consists of approximately $3,864.00 in United States Currency seized from Mr. Finley on December 19, 2018.

7. DEA took custody of the Defendant Currency, and it remains in the custody of the United States.

8. As set forth in Supplemental Rule G(3)(b)(i), the Clerk must issue a Warrant to arrest the Defendant Currency because it is already in the Government's possession, custody, or control.

## BASIS FOR FORFEITURE

9. The Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and/or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

10. The facts and circumstances supporting the forfeiture of the Defendant Currency have been provided by DEA Task Force Officer Sonia Escobedo, who verifies the following facts:

3

11. For several months, Mr. Finley was investigated by the Asheville Police Department Drug Suppression Unit. In particular, Mr. Finley, also known as "Po," was investigated for selling heroin at the Pisgah View Apartments in Asheville, NC.

12. On December 18, 2018, officers obtained a warrant to search a hotel room at the Econo Lodge located at 190 Tunnel Road, Asheville, NC, where Mr. Finley was staying at that time. A warrant was also obtained to search a 1996 Lincoln Town Car that officers had observed Mr. Finley repeatedly operate.[1]

13. On December 19, 2018, detectives with the Asheville Police Department Drug Suppression Unit conducted surveillance and confirmed that Mr. Finley was residing at Room 133 at the Econo Lodge located at 190 Tunnel Road, Asheville, NC.

14. The Econo Lodge hotel rental agreement confirms that Mr. Finley checked into the hotel on December 17, 2018, and had a scheduled checkout of December 19, 2018.

15. At approximately 9:45 a.m. on December 19, 2018, detectives observed Mr. Finley exit his hotel room to meet with an individual in a vehicle outside, and

---

[1] The 1996 Lincoln Town Car is registered to an individual named Jasman Boston. Mr. Boston was not seen at the Econo Lodge.

then Mr. Finley began to walk toward the front of the hotel. Mr. Finley was wearing black pants, a black sweatshirt, and had a hood over his head.

16. Detectives entered the hotel parking lot and parked near the front office. They exited the vehicle and began to walk towards Room 133, preparing to confront Mr. Finley as he walked in their direction.

17. Detectives did not locate Mr. Finley on the walkway as they approached Room 133, so they continued to his room in preparation for the search.

18. When detectives arrived at Room 133, they announced "police, search warrant," and they attempted to breach the locked door with a ram. Detectives heard a female voice inside of the room, who was later identified as Ms. Wadsworth. After the initial attempt to breach the locked door was unsuccessful, one of the detectives entered the room through a large window, and another detective was able to use the ram to open the door successfully.

19. Upon entering the room, detectives noticed that the hotel room smelled like marijuana.

20. Meanwhile, Detective Ramirez began to walk around the hotel perimeter to locate Mr. Finley. When Detective Ramirez made his way to the east side of the hotel, he observed Mr. Finley walking toward him.

21. Detective Ramirez drew his weapon and began to approach Mr. Finley, while providing him commands to stop and show his hands. Detective Ramirez apprehended Mr. Finley.

22. While placing Mr. Finley in handcuffs, Detective Ramirez advised him that there was a search warrant for his hotel room and for the Lincoln Town Car that he operated. Detective Ramirez patted Mr. Finley down and located two cell phones in his sweatshirt pockets, along with approximately $1,864 in cash in his front left pant pocket. Detective Ramirez then walked Mr. Finley back to Room 133.

23. When Detective Ramirez walked Mr. Finley into the room, Detective Ramirez observed a bag of a green leafy substance that appeared to be marijuana on a wooden table in the room. Near the suspected marijuana was a black digital scale with ash on it, a half-smoked marijuana cigar, and a smaller bag of a green leafy substance that also appeared to be marijuana. In the middle of the same table was a box of clear plastic sandwich bags, and closer to the rear of the table, Detective Ramirez observed a black toiletry bag.

24. The black toiletry bag contained a clear plastic baggie of a white power substance, suspected to be heroin, and a large sum of banded currency, with $2,000 written on the band. The toiletry bag also contained Goody powder and condoms.

25. Detective Rogers searched the 1996 Lincoln Town Car in the hotel parking lot and located 3.5 dosage units of multi-colored pills in the driver's side door, suspected to be methylenedioxymethamphetamine ("MDMA"), commonly known as ecstasy.

26. Both Ms. Wadsworth and Mr. Finley were provided Miranda warnings.

27. Ms. Wadsworth informed detectives that she had a child with Mr. Finley and had come to the hotel room to obtain money for their child. Ms. Wadsworth indicated that she arrived at the hotel room shortly after 1:00 a.m. that night and ended up staying the night with Mr. Finley.

28. Mr. Finley stated to detectives that Ms. Wadsworth had no idea what he does and that all of the drugs in the hotel room were his. Mr. Finley also advised that the white powder was heroin and that it weighed approximately 13.5 grams. Detective Harris weighed the powder using the digital scale located in the room and the powder weighed approximately 15.6 grams. The suspected marijuana that was located in the room weighed approximately 16.4 grams.

29. Mr. Finley was arrested and charged with possession with intent to sell and deliver marijuana.

30. Upon information and belief, both Mr. Finley and Ms. Wadsworth are unemployed. Mr. Finley has a marijuana leaf tattoo.

31. Mr. Finley's criminal history is extensive, with several prior drug offense convictions, including for possession with intent to sell and deliver cocaine.

32. Based upon the totality of the circumstances in this case, a reasonable belief exists that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and/or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

33. The following persons may have or claim an interest in the Defendant Currency:

| | |
|---|---|
| Taquita Lacelle Wadsworth | Leopold Rob Finley |
| 56 Erskine Street | 456 Reems Creek Road |
| Apartment B | Apartment 8 |
| Asheville, NC 28801-4836 | Weaverville, NC 28787 |

**PRAYER FOR RELIEF**

34. All right, title, and interest in the Defendant Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). Accordingly, the United States respectfully prays the Court that:

8

a. a warrant for the arrest of the Defendant Currency be issued;

b. due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

c. judgment be entered declaring the defendant to be condemned and forfeited to the United States of America for disposition according to law; and

d. the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 10th day of May, 2019.

        R. ANDREW MURRAY
        UNITED STATES ATTORNEY

        **s/Jonathan D. Letzring**
        JONATHAN D. LETZRING
        Assistant United States Attorney
        Georgia Bar No. 141651
        Room 233, U.S. Courthouse
        100 Otis Street
        Asheville, North Carolina 28801
        Tel:  (828) 271-4661
        Fax:  (828) 271-4327
        Email:  Jonathan.letzring@usdoj.gov

# **VERIFICATION**

I, Sonia Escobedo, am a Task Force Officer with the Drug Enforcement Administration. I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true and correct. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case.

Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this   10   day of May, 2019.

*Sonia Escobedo*
Sonia Escobedo
DEA Task Force Officer